IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02381-PAB-KLM

SALVADOR MAGLUTA,

    Plaintiff,

v.

UNITED STATES FEDERAL BUREAU OF PRISONS,
THOMAS R. KANE, acting Director of the Federal Bureau of Prisons,
MICHAEL NALLEY, Regional Director of the BOP for the North Central Region,
CHARLES DANIELS, Warden of USP Florence,
HAROLD WATTS, Federal Bureau of Prisons Administrator, National Inmate Appeal,
MILUSNIC, Assistant Warden, ADX Florence, Colorado,
RON WILEY, Ex-Warden, ADX Florence, Colorado,
LARIVA, Executive Director, ADX Florence, Colorado,
BANUELOS, Lieutenant, USP Florence, Colorado,
MASSEY, Officer, USP Florence, Colorado,
DUVAL, Officer, USP Florence, Colorado,
STEGAL, Officer, USP Florence, Colorado,
JOHNSON, Associate Warden, USP Florence, Colorado,
ANDY FENLON, Counselor, ADX Florence, Colorado,
JAVERNICK, CMC, ADX Florence, Colorado,
PATRICK WHALEN, Ex-Warden, FDC Miami, and
VANEC, Assistant SIA, USP Florence, Colorado, and
JOHN DOES, unnamed and to be identified later,

    Defendants.
_____

## MINUTE ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on the **second Joint Motion to Reset Scheduling Conference** [Docket No. 26; Filed March 22, 2012] (the "Motion to Reset") and **Plaintiff's Motion for Leave to File Second Amended Complaint** [Docket No. 27; Filed March 22, 2012] (the "Motion to Amend").

    The Court has discretion to grant a party leave to amend its pleadings. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give

leave when justice so requires."). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)). Potential prejudice to a defendant is the most important factor in considering whether a plaintiff should be permitted to amend the operative complaint. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). "Courts typically find prejudice only when the [proposed] amendment unfairly affects the defendants in terms of preparing their defense to [claims asserted in the] amendment." *Id.* (quotation omitted).

Plaintiff represents that Defendants oppose his request to file a Second Amended Complaint. [#27] at 3. However, this matter is in the very early stages of litigation; the Court has not yet entered a Scheduling Order. Thus, the Court does not believe that Defendants will be unfairly prejudiced in terms of preparing their defense. Additionally, Plaintiff explains that the Second Amended Complaint includes factual allegations related to events that happened after the date that the First Amended Complaint was entered, thus the Court should permit amendment pursuant to Rule 15(d). *Id.* at 2-3. Considering the early stage of litigation and that the proposed amendments relate to events post-dating the First Amended Complaint, the Court finds that leave to amend pursuant to Rule 15(a)(2) should be freely given under these circumstances.[1] Accordingly,

IT IS HEREBY **ORDERED** that **Plaintiff's Motion for Leave to File Second Amended Complaint** [#27] is **GRANTED**. The Clerk of Court is directed to enter the Second Amended Complaint located at Docket No. 27-1.

IT IS FURTHER **ORDERED** that **Defendants' Motions to Dismiss** [## 17, 18] are **DENIED AS MOOT**. *See Schwartz v. Booker*, No. 09-cv-00915-WJM-KMT, 2011 WL 2560016, at *2 (D. Colo. June 28, 2011) (finding that an amended complaint supercedes the original complaint as the operative pleading, and that the pending motion to dismiss was likewise mooted by the filing of the amended complaint) (citations omitted).

IT IS FURTHER **ORDERED** that all Defendants, new or already served, shall answer or otherwise respond to the Second Amended Complaint on or before **May 25, 2012**.

IT IS FURTHER **ORDERED** that the **Motion to Reset** [#26] is **GRANTED**. The Scheduling Conference set for March 29, 2012, is **VACATED** and **RESET** to **June 18, 2012**, at **9:30 a.m.** in Courtroom C-204, Second Floor, Byron G. Rogers United States

---

[1] The Court is not required to wait for Defendants to file a response before resolving the Motion. D.C.COLO.LCivR 7.1C ("Nothing in this rule precludes a judicial officer from ruling on a motion at any time after it is filed."). Where, as here, the Court finds that Plaintiff has shown good cause for granting leave to amend, waiting for a response is unnecessary and inefficient.

Case 1:11-cv-02381-PAB-KLM   Document 30   Filed 03/26/12   USDC Colorado   Page 3 of 3

Courthouse, 1929 Stout Street, Denver, Colorado.

IT IS FURTHER **ORDERED** that the parties shall submit their proposed scheduling order pursuant to District of Colorado Electronic Case Filing ("ECF") Procedures on or before **June 13, 2012**. All other provisions of the Order Setting Scheduling/Planning Conference issued September 15, 2011 [#3] remain in effect.

Dated: March 26, 2012

Case 1:11-cv-02381-PAB-KLM   Document 30   Filed 03/26/12   USDC Colorado   Page 3 of 3

Courthouse, 1929 Stout Street, Denver, Colorado.

IT IS FURTHER **ORDERED** that the parties shall submit their proposed scheduling order pursuant to District of Colorado Electronic Case Filing ("ECF") Procedures on or before **June 13, 2012**. All other provisions of the Order Setting Scheduling/Planning Conference issued September 15, 2011 [#3] remain in effect.

Dated: March 26, 2012

3