IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02381-PAB-KLM

SALVADOR MAGLUTA,

    Plaintiff,

v.

UNITED STATES FEDERAL BUREAU OF PRISONS,
THOMAS R. KANE, Director of the Federal Bureau of Prisons,
HAROLD WATTS, Federal Bureau of Prisons Administrator National Inmate Appeal,
MICHAEL NALLEY, ex-Regional Director of the North Central Region,
AMBER NELSON, Acting Regional Director of the North Central Region,
RON WILEY, Former Warden at ADX Florence,
CHARLES DANIELS, Warden at USP Florence,
MONICA S. WETZEL, Former Warden at FDC Miami,
LOUIS MILUSNIC, Assistant Warden at USP Florence,
JOHNSON (FNU), Assistant Warden at USP Florence,
M. CARTER, Former Assistant Warden at FDC Miami,
G.T. KAPUSTA, Former Assistant Warden at FDC Miami,
JANAS (FNU), Former Captain at MCC Miami,
BANUELOS (FNU), Lieutenant at USP Florence,
MOONEYHAM (FNU), Former Lieutenant at MCC Miami,
VILLA (SP FNU), Lieutenant at USP Florence,
T. JAVERNICK, Case Manager Coordinator (CMC) at Florence Federal Complex,
ANDY FENLON, Counselor at ADX Florence,
MASSEY (FNU), Officer at USP Florence,
DUVAL (FNU), Officer at USP Florence,
STEGAL (FNU), Officer at USP Florence,
HENRY RUIZ, SIS Officer at FDC Miami, and
DEFENDANTS JOHN DOES, to be identified later,

    Defendants.

## ORDER

This matter is before the Court on the Motion to Dismiss [Docket No. 65] filed by

defendants Thomas Kane, Harold Watts, Michael Nalley, Amber Nelson, Monica S.

Wetzel, M. Carter, G.T. Kapusta, Janas, Mooneyham, Villa, Henry Ruiz, and John Does 1-9, as well as the Renewed Motion to Dismiss [Docket No. 59] filed by defendant Ron Wiley.

On September 12, 2011, plaintiff commenced this case asserting that defendants violated his constitutional rights. Docket No. 1. During the relevant period, plaintiff was a prisoner at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. Docket No. 31 at 37-38, ¶ 233. On March 26, 2012, plaintiff amended his complaint and added the following defendants who are relevant for the purposes of this motion: Nelson, Wetzel, Carter, Kapusta, Janas, Mooneyham, Villa, and Ruiz. Docket No. 31. On July 24, 2012, the 120-day period provided by Rule 4(m) of the Federal Rules of Civil Procedure to effectuate service expired with respect to defendants Wiley, Kane, Watts, Nalley, Carter, Janas, Mooneyham, Villa, and Ruiz. On July 26, 2012, defendants filed the present motion requesting that the Court dismiss them from this case because of plaintiff's failure to effectuate service within the 120-day limit. Docket No. 65 at 3. Defendants argue that plaintiff has provided no reason for his failure to effectuate service and has not requested an extension of time to serve defendants. *Id*. Defendants also argue that plaintiff's failure to effectuate service has unduly delayed proceedings in this action and that the Court should not grant plaintiff additional time to effectuate service. *Id*. at 3-4.

Rule 4(m) provides, in pertinent part, that "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Pursuant to Rule

4(m), if proper service of the summons and complaint is not made within 120 days after the filing of the complaint, the district court must nonetheless grant an "appropriate" extension of time upon a showing by the plaintiff of "good cause for the failure." Fed. R. Civ. P. 4(m); *see also Espinoza v. United States*, 52 F.3d 838, 840-41 (10th Cir. 1995). If the plaintiff fails to show good cause, the district court retains discretion either to: (1) dismiss the action without prejudice, or (2) direct that service be effected within a specified time. *Id*.; *Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000).

In his response, plaintiff requests that the Court grant him an extension of 30 days – until August 23, 2012 – to serve defendants. As of the date of this Order, plaintiff has served defendants Wetzel, Nelson, and Kapusta. *See* Docket Nos. 70-72. Despite plaintiff's inability to serve the remaining defendants, he has not requested an extension of time and has not advised the Court of further attempts to serve defendants.

Based on the foregoing, the Court finds no reason to excuse plaintiff's failure to effectuate proper service. Plaintiff has had over a year to serve defendants and has not explained why he could not successfully effectuate service. Moreover, since plaintiff's request for an extension of 30 days to effectuate service, he has only served three defendants. Accordingly, because plaintiff has failed to show good cause for his failure to serve the remaining defendants, the Court will dismiss this action without prejudice as to defendants Kane, Watts, Nalley, Carter, Janas, Mooneyham, Villa, Ruiz, and Wiley pursuant to Rule 4(m). *See Hern*, 216 F.3d at 912.

Accordingly, it is

**ORDERED** that the Motion to Dismiss Defendants Kane, Watts, Nalley, Nelson, Wetzel, Carter, Kapusta, Janas, Mooneyham, Villa, and Ruiz Pursuant to Fed. R. Civ. P. 4(m) [Docket No. 65] is **GRANTED** in part and **DENIED** in part.  It is further

**ORDERED** that the Renewed Motion to Dismiss Defendant Wiley Pursuant to Fed. R. Civ. P. 4(m) [Docket No. 59] is **GRANTED**.  It is further

**ORDERED** that defendants Thomas Kane, Harold Watts, Michael Nalley, M. Carter, Janas, Mooneyham, Villa, Henry Ruiz, and Ron Wiley are dismissed without prejudice.

DATED February 5, 2013.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge