IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-02381-PAB-KLM

SALVADOR MAGLUTA,

    Plaintiff,

v.

UNITED STATES FEDERAL BUREAU OF PRISONS,
AMBER NELSON, Acting Regional Director of the North Central Region,
CHARLES DANIELS, Warden at USP Florence,
MONICA S. WETZEL, Former Warden at FDC Miami,
LOUIS MILUSNIC, Assistant Warden at USP Florence,
JOHNSON (FNU), Assistant Warden at USP Florence,
G.T. KAPUSTA, Former Assistant Warden at FDC Miami,
BANUELOS (FNU), Lieutenant at USP Florence,
T. JAVERNICK, Case Manager Coordinator (CMC) at Florence Federal Complex,
ANDY FENLON, Counselor at ADX Florence,
MASSEY (FNU), Officer at USP Florence,
DUVAL (FNU), Officer at USP Florence,
STEGAL (FNU), Officer at USP Florence,
DEFENDANTS JOHN DOES 1-9, to be identified later,

    Defendants.

---

**ORDER**

---

    This matter is before the Court on the Motion to Sever [Docket No. 35] filed by the United States Bureau of Prisons ("BOP").[1] The BOP requests that, pursuant to Fed. R. Civ. P. 21, the Court sever the claims brought against defendants Monica S. Wetzel, G.T. Kapusta, and John Doe 1 (the "Florida defendants") by plaintiff Salvador Magluta.[2]

---

    [1]The BOP brings this motion on behalf of all defendants in their official capacities. Docket No. 35 at 2 n.1.

    [2]In his second amended complaint [Docket No. 31], plaintiff asserts claims against defendants Patrick Whalen, Monical S. Wetzel, G.T. Kapusta, Janas, M. Carter,

On September 12, 2011, plaintiff commenced this case claiming that various defendants violated his constitutional rights. Docket No. 1. On March 26, 2012, plaintiff filed a second amended complaint [Docket No. 31] asserting eight claims for relief against thirty-two defendants based on events which occurred over the course of his twenty-one years of incarceration. *See generally* Docket No. 31. In general, plaintiff alleges that all defendants: (1) violated his due process rights; (2) retaliated against him in violation of his First Amendment rights; (3) breached the implied contract to timely respond to his administrative grievances; (4) conspired to violate his constitutional rights in violation of 42 U.S.C. §§ 1985, 1986; (5) violated his right to privacy; (6) violated the Administrative Procedure Act, 5 U.S.C. § 552a; (7) violated his Eighth Amendment right to be free from cruel and unusual punishment; and (8) retaliated against him in violation of a settlement agreement. Docket No. 31 at 62-71. Plaintiff names five separate sets of defendants: (1) the BOP; (2) Amber Nelson, the regional director of the North Central Region of the BOP; (3) the Florida defendants; (4) the Colorado defendants; and (5) John Does number 2-8.[3]

---

Mooneyham, Henry Ruiz, and John Doe 1 who are individuals that work or worked at correctional facilities located in Miami, Florida. On June 21, 2012, plaintiff voluntarily dismissed his claims against defendant Whalen [Docket No. 54]. On February 5, 2013, the Court dismissed defendants Carter, Janas, Mooneyham, and Ruiz without prejudice because of plaintiff's failure to comply with Fed. R. Civ. P. 4(m). *See* Docket No. 91.

[3]On February 5, 2013, the Court dismissed defendants Harold Watts, the Administrator of the National Inmates Appeal, and Michael Nalley, the former regional director of the North Central Region, because of plaintiff's failure to comply with Fed. R. Civ. P. 4(m). *See* Docket No. 91. That same day, the Court also dismissed several Colorado defendants, individuals who work or worked at correctional facilities in Colorado, namely, the United States Penitentiary ("USP") Administrative Maximum ("ADX") in Florence, Colorado, because of plaintiff's failure to comply with Fed. R. Civ. P. 4(m). *See* Docket No. 91.

In the motion to sever, the BOP requests that the Court sever the claims brought against the Florida defendants on the grounds that plaintiff's second amended complaint does not comply with Rules 18 and 20 of the Federal Rules of Civil Procedure. The BOP contends that plaintiff does not sufficiently allege that the claims brought against the Florida defendants arise out of the same series of transactions or occurrences as the claims asserted against the BOP, Ms. Nelson, the Colorado defendants, and the other John Doe defendants. Docket No. 35 at 2-3. The BOP also asserts that plaintiff's claims against the Florida defendants do not present common questions of law and fact. *Id*.

Under Rule 18(a), a plaintiff may bring multiple claims, related or not, in a lawsuit against a single defendant. Fed. R. Civ. P. 18(a). However, in order to name additional defendants in a single lawsuit, a plaintiff must satisfy Rule 20(a)(2), which governs joinder of parties. Rule 20(a)(2) imposes two requirements that must be satisfied for permissive joinder of multiple defendants in a single lawsuit: (1) a right to relief must be asserted against each defendant relating to or arising out of the same transaction or series of occurrences; and (2) some common question of law or fact must link the parties and the claims for relief together. Fed. R. Civ. P. 20(a); *Nasious v. City & Cnty. of Denver-Denver Sheriff's Dep't*, 415 F. App'x 877, 880 (10th Cir. 2011). Thus, a plaintiff may name more than one defendant in a multiple claim lawsuit only if the claims against all defendants arise out of the same incident or incidents and involve a common factual or legal question.

By contrast, misjoinder occurs when "there is no common question of law or fact or when . . . the events that give rise to the plaintiff's claims against defendants do not

3

stem from the same transaction." *Nasious*, 415 F. App'x at 880 (citation omitted); Fed. R. Civ. P. 21.  Where misjoinder of parties occurs, courts can either (1) drop the misjoined parties from the case or (2) sever any claims against the misjoined parties. Fed. R. Civ. P. 21.[4]  When a court severs a claim against defendants under Rule 21, the suit continues independently against the severed defendants and the statute of limitations is held in abeyance so that the plaintiff does not lose his right to pursue his claims.  *DirectTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006).

Upon review of the second amended complaint, the Court finds that plaintiff has improperly joined claims one, two, three, five, seven, and eight against the Florida defendants in violation of Rule 20(a)(2).

Plaintiff's first claim alleges that defendants "entered or failed to correct" false information in his BOP central file "in order to retaliate against him for his extensive civil litigation."  Docket No. 31 at 62-63, ¶ 457.  However, the alleged false information provided by the Florida defendants occurred in Miami, Florida between October 15, 1991 and January 29, 1998.  *Id*. at 10, ¶ 52.  By contrast, the actions taken by the Colorado defendants occurred at USP Florence starting in 2006, Docket No. 31 at 44, ¶ 280, until plaintiff's transfer to USP in Terre Haute, Indiana on January 25, 2012.  *Id*. at 70, ¶ 485.  Plaintiff's complaint does not explain how the allegedly false information provided by the Florida defendants led to similar violations of his due process rights as the supposedly false information entered by the Colorado defendants.  *See George v.*

---

[4] "Misjoinder of parties is not a ground for dismissing an action.  On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."  Fed. R. Civ. P. 21.

*Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (finding that a plaintiff's complaint did not comply with Rule 20 because it made no effort to show that the 24 defendants participated in the same transaction or series of transactions or that a question of fact is "common to all defendants"). Additionally, plaintiff's complaint does not assert how the discrete placement decisions made by BOP officials involve common questions of fact and law linking the information provided by the Florida defendants with the information provided by the Colorado defendants. *Cf. Fogle v. Slack*, 419 F. App'x 860, 864-65 (10th Cir. 2011) (noting that The Tenth Circuit has declined to extend the continuing violation doctrine to § 1983 cases because "each segregation decision was of a discrete nature and that, in many instances, segregation decisions were made by different decision makers across three different correctional facilities"). Because the alleged due process violations involve separate incidents and different individuals, they do not arise out of the same series of transactions and occurrences for the purposes of Rule 20(a). *Nasious*, 415 F. App'x at 880.

Plaintiff's second claim for relief alleges that "all of the named Defendants" violated plaintiff's First Amendment right to free speech and free association. Docket No. 31 at 63, ¶¶ 459-460. Apart from this conclusory allegation, however, the complaint does not allege that the Florida defendants violated his First Amendment rights in the same manner as the Colorado defendants. *See George*, 507 F.3d at 607-08. Although plaintiff alleges specific facts with respect to the Colorado defendants' conduct, plaintiff's complaint does not link the Colorado defendants' actions to the Florida defendants. *See* Docket No. 31 at 63-64, ¶¶ 460-61. As such, separate and unrelated

claims against multiple defendants arising out of different incidents are insufficient to satisfy Rule 20. *Nasious*, 415 F. App'x at 880.

Plaintiff's third and fifth claims also suffer from similar defects. *See* Docket No. 31 at 64-68. These claims allege that the Colorado defendants breached a contract with plaintiff and violated plaintiff's Fourth Amendment right to privacy. *See id*. However, the allegations do not establish a link between these actions and the Florida defendants. *See Nasious*, 415 F. App'x at 880.

Plaintiff's seventh claim asserts that John Doe 8[5] violated plaintiff's Eighth Amendment right to be free from cruel and unusual punishment when he refused to loosen plaintiff's handcuffs during a transfer from USP Florence to USP Leavenworth on January 23, 2012. Docket No. 31 at 37-38, ¶¶ 233-237. This isolated incident is factually and legally unrelated to the claims brought against the Florida defendants. *Nasious*, 415 F. App'x at 880.

Finally, plaintiff's eighth claim asserts that defendant Nelson breached the settlement agreement when she authorized plaintiff's transfer from USP Florence to USP Terre Haute. This claim is also factually and legally unrelated to the claims asserted against the Florida defendants. *See Nasious*, 415 F. App'x at 880.

When parties are misjoined, courts usually drop the parties or sever the claims asserted against the misjoined defendants. *Nasious*, 415 F. App'x at 881. Nevertheless, a court has discretion to provide for separate trials under Rule 42(b) of

---

[5]The Court notes that the allegations with respect to the unduly tight handcuffs identify John Doe 7 and John Doe 8 as the same individual who failed to remove plaintiff's handcuffs. *Compare* Docket No. 31 at 37-38, ¶¶ 231-235, *with* Docket No. 31 at 69, ¶¶ 482-83.

the Federal Rules of Civil Procedure instead of severing claims brought against misjoined defendants. Pursuant to Rule 42(b) the Court may, "[f]or convenience, to avoid prejudice, or to expedite and economize . . . order a separate trial of one or more separate issues, claims." Fed. R. Civ. P. 42(b). Granting a separate trial under Rule 42(b) and severing a claim under Rule 21 are not synonymous procedures. "Separate trials of claims originally sued upon together usually will result in the entry of one judgment, but severed claims become entirely independent actions to be tried, and judgment entered thereon, independently." 7 Charles Wright, Arthur Miller & Mary Kane, Federal Practice & Procedure § 2387 (3d ed. 2010); *accord Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1519 n.8 (10th Cir. 1991).

Because only three Florida defendants remain in the case and these defendants have filed a motion to dismiss [Docket No. 92] all claims asserted against them, the Court finds that it would not promote judicial efficiency to sever plaintiff's claims against the Florida defendants. Instead, the Court will deny defendants' motion to sever pending resolution of the dispositive motion. Defendants may file a motion for a separate trial pursuant to Rule 42 if the motion to dismiss is denied. Accordingly, the Court will exercise its discretion to keep the parties joined, while reserving the right to sever the cases for trial under Rule 42(b).

For the foregoing reasons, it is

**ORDERED** that Defendants' Motion for Severance [Docket No. 35] is **DENIED**.

DATED March 19, 2013.

                                      BY THE COURT:

                                      s/Philip A. Brimmer
                                      PHILIP A. BRIMMER
                                      United States District Judge