**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil case no. 11-cv-02381-RM-KLM

SALVADOR MAGLUTA,

    Plaintiff,

v.

UNITED STATES FEDERAL BUREAU OF PRISONS,
AMBER NELSON, Acting Regional Director of the North Central Region,
CHARLES DANIELS, Warden at USP Florence,
MONICA S. WETZEL, Former Warden at FDC Miami,
LOUIS MILUSNIC, Assistant Warden at USP Florence,
JOHNSON (FNU), Assistant Warden at USP Florence,
G.T. KAPUSTA, Former Assistant Warden at FDC Miami,
BANUELOS (FNU), Lieutenant at USP Florence,
T. JAVERNICK, Case Manager Coordinator (CMC) at Florence Federal Complex,
ANDY FENLON, Counselor at ADX Florence,
MASSEY (FNU), Officer at USP Florence,
DUVAL (FNU), Officer at USP Florence,
STEGAL (FNU), Officer at USP Florence, and
JOHN DOES 1-9 TO BE IDENTIFIED LATER,

    Defendants.

_____

**ORDER DENYING
PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION
AND TEMPORARY RESTRAINING ORDER (ECF NO. 101)**
_____

THIS MATTER comes before the Court on Plaintiff Salvador Magluta's ("Plaintiff")

Motion for Preliminary Injunction and Temporary Restraining Order ("Motion") (ECF No. 101).

The Court afforded Plaintiff an opportunity to supplement his Motion but he declined to do so.

(ECF No. 118.) Upon consideration of the Motion and other relevant papers, the matters

presented at the status conference held on August 7, 2013, and the applicable legal standards, the Court **DENIES** the Motion as set forth below.

## I. BACKGROUND

Plaintiff's Second Amended Complaint ("Complaint") was accepted for filing on March 26, 2012. Among other things, Plaintiff alleges Defendants improperly interfered with Plaintiff's legal visits with his Miami, Florida counsel ("Miami Counsel"), and staff from counsel's firm, in retaliation for legal action against, or threats of legal action against, Federal prison officials. All of the interference complained of occurred prior to March 26, 2012. Plaintiff's claims are based on: (1) Denial of Fifth Amendment Right to Due Process; (2) Retaliation; (3) Breach of Contract; (4) Conspiracy; (5) Privacy; (6) Privacy Act; (7) Cruel and Unusual Punishment; and (8) Retaliatory Transfer. Among other things, Plaintiff seeks an injunction to direct Defendants to cease their alleged retaliatory conduct.

In March 2013, smuggled cell (smart) phones were discovered in Plaintiff's cell in Terre Haute, Indiana. A Federal Bureau of Investigation ("FBI") inquiry ensued and is ongoing. That investigation includes determining whether Miami Counsel had any involvement with the smuggled phones. As a result of such investigation, the Bureau of Prison ("BOP") restricted Miami Counsel's in-person legal visits with Plaintiff. After Miami Counsel waited more than a month, was advised the investigation was still ongoing, and received no decision as to when he would be able to have legal visits with Plaintiff, the Motion was filed.

The Motion was set for hearing on April 15, 2013. On April 9, 2013, however, the parties filed a joint motion requesting Judge Brimmer, whom the case was then before, to stay the case for 60 days and to vacate the April 15, 2013 hearing. By Minute Order dated April 10,

2013, Judge Brimmer granted the joint motion, vacated the April 15, 2013 hearing and an April 24, 2013 scheduling conference, and stayed the case until June 10, 2013. During the pendency of the stay, Colorado counsel entered an appearance on behalf of Plaintiff.

After the expiration of the stay, the Court set the Motion for a hearing on August 7, 2013, but subsequently converted that hearing to a status conference. Miami Counsel (and another Florida lawyer who accompanied him and who professed to represent Plaintiff in some unrelated Florida litigation) appeared on Plaintiff's behalf at the status conference. Plaintiff attended the status conference telephonically and thereafter had a legal call with his attorneys.

After the status conference, Colorado counsel was granted leave to withdraw. Plaintiff's Motion is now fully briefed. That Motion is based on the BOP's alleged violation of Plaintiff's Sixth Amendment right to counsel, *i.e.*, Miami Counsel, after the discovery of the smuggled cell phones. There are no allegations that Plaintiff has been denied access to other counsel. Indeed, until Colorado counsel withdrew, she was granted access to Plaintiff as was the additional Florida counsel who appeared at the status conference.

A scheduling conference is set for October 15, 2013 but there is no trial date set in this matter.

## II. ANALYSIS

### A.     Preliminary Injunction Standard.

A preliminary injunction is an extraordinary remedy, so the right to relief must be clear and unequivocal. *Schrier v. University of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005). A party seeking injunctive relief must establish four factors: (1) he will suffer irreparable harm if the injunction is not granted; (2) the threatened injury outweighs the harm caused to the opposing

party as a result of the injunction; (3) the injunction, if issued, is not adverse to the public interest; and (4) he has a substantial likelihood of success on the merits of the case. *Id.*

The purpose of a preliminary injunction is to preserve the relative positions – the status quo – of the parties until a trial on the merits can be held. *Id.* The status quo is the "'last uncontested status between the parties which preceded the controversy until the outcome of the final hearing.'" *Id.* at 1260 (quoting *Dominion Video Satellite, Inc. v. EchoStar Satellite Corp.*, 269 F.3d 1149, 1155 (10th Cir. 2001)).

Where the injunction sought is prohibitory, *i.e.*, requiring the nonmovant to stop acting in a manner that disturbs the status quo, the movant may be afforded relief under a lesser standard of proof on the likelihood-of-success-on-the-merits factor if he can show the other three requirements tip strongly in his favor. *Oklahoma, ex rel, Okla. Tax Comm'n v. International Registration Plan, Inc.*, 455 F.3d 1107, 1112-1113 (10th Cir. 2006). Where the injunction sought is one of three types of disfavored injunctions, however, the modified standard is inapplicable and the movant must make a heightened showing to demonstrate entitlement to relief. *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 977 (10th Cir. 2004) (en banc), *aff'd and remanded*, 546 U.S. 418 (2006) ("*O Centro*"). The request must be more closely scrutinized to assure that the exigencies of the case require extraordinary interim relief. *O Centro, supra* at 975, 978-979.

The three disfavored injunctions are: (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits. *Schrier v. University of Colo., supra* at 1258-1259. Mandatory injunctions generally alter the status quo, but that is

4

not always the case. Regardless of whether they alter the status quo, they are still disfavored because they "'require the nonmovant to act in a particular way, and as a result they place the issuing court in a position where it may have to provide ongoing supervision to assure the nonmovant is abiding by the injunction.'" *O Centro, supra* at 979 (quoting *SCF ILC, Inc. v. Visa USA, Inc.*, 936 F.2d 1096, 1099 (10th Cir. 1991)).

Plaintiff's Motion cites to the "traditional" standard governing requests for injunctive relief while Defendants argue Plaintiff seeks a disfavored injunction which requires him to meet the heightened standard. The Court need not resolve this issue because it finds Plaintiff has not met his burden even assuming the traditional standard applies.

### B. Substantial Likelihood of Success on the Merits of the Case.

Plaintiff asserted nine claims for relief but, as Defendants correctly argued, none of those claims involve the actions complained of in the Motion, namely, the BOP's restrictions on Miami Counsel's legal visits (and, legal mail, as raised in Plaintiff's Reply) after discovery of the smuggled cell phones. Further, even assuming, *arguendo*, Plaintiff's assertions in his Motion could be encompassed within his visitation restrictions allegations in the Complaint, there is no claim alleging Sixth Amendment violations in such Complaint. Plaintiff simply cannot establish a substantial likelihood of success on the merits of nonexistent allegations or claims.

Defendants also raised other arguments against a finding in favor of Plaintiff. The Court agrees that Plaintiff, as a civil litigant, has no Sixth Amendment right counsel, much less to a *particular* counsel. *E.g., Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006). In this case, until recently, Plaintiff had at least two separate attorneys representing him. The Court

finds, however, that Plaintiff was not required to exhaust administrative remedies under the Prison Litigation Reform Act. As stated, Plaintiff has made no claim based on a Sixth Amendment violation of the right to counsel. Nonetheless, the Court has the inherent power to manage its business "'so as to achieve the orderly and expeditious disposition of cases.'" *LaFleur v. Teen Help,* 342 F.3d 1145, 1149 (10th Cir. 2003) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)). *See also, e.g., Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 841 (10th Cir. 2005). Allowing a party the ability to properly prosecute or defend a pending case is one of such powers, but not under the auspice of a motion for injunctive relief. Regardless, Plaintiff has not established a substantial likelihood of success on the merits of this case.

### C. Irreparable Harm.

"'To constitute irreparable harm, an injury must be certain, great, actual and not theoretical.'" *Schrier v. University of Colo., supra* at 1267 (*quoting Heideman v. South Salt Lake City,* 348 F.3d 1182, 1189 (10th Cir. 2003)). The injury complained of must be of such imminence that there is a clear and present need for equitable relief to prevent irreparable harm. *Id.*

Plaintiff asserts he will suffer irreparable harm due to his inability to prepare for trial; the necessity for Miami Counsel to file motions for extensions of time to reply to Defendants' motions; and the then pending April 24, 2013 scheduling conference. In his Reply, Plaintiff further argues he is prevented from litigating this case. None of such assertions support a finding of irreparable harm. There is no trial date, all pending motions are now fully briefed, and the April 24, 2013 scheduling conference has been vacated. Plaintiff's conclusory assertion that he

is unable to litigate this case, without more, is insufficient. Accordingly, Plaintiff has not shown this factor has been met.

### D.     Balance of Harm.

This factor requires the threatened injury to Plaintiff to outweigh the harm caused to the opposing party as a result of the injunction. As stated above, Plaintiff will suffer no injury if an injunction is not entered. Indeed, from the papers and based on representations made by the parties at the August 7, 2013 status conference, it appears non-contact legal visits have been permitted for Plaintiff's former Colorado counsel and other Florida counsel.

### E.     Public Interest.

Plaintiff also has not shown that the injunction, if issued, is not adverse to the public interest. Plaintiff relies on his interest in maintaining an attorney-client relationship with Miami Counsel. While that is of interest to him personally, it is not of interest to the public. On the other hand, there is a public interest in maintaining the security of prisons. In light of the pending investigation concerning cell phones being smuggled to Plaintiff, an injunction which restricts the BOP from placing *reasonable* limitations on contact between Plaintiff and his attorneys would be adverse to the public interest. Plaintiff has acknowledged he is able to have "sporadic legal calls" with Miami Counsel and the parties represented during the status conference that non-contact legal visits have been allowed with counsel other than Miami Counsel.

### III.  CONCLUSION

Plaintiff has failed to establish the factors required for injunctive relief, under any standard.  Indeed, there have essentially been no affidavits or other submissions provided by Plaintiff which even remotely support a restraining order or injunction, and all but one of the bases for the Motion is moot.  As noted during the status conference, the Court questions whether a motion for a temporary restraining order/preliminary injunction is the appropriate vehicle for the relief Plaintiff seeks in light of its complete disconnect from Plaintiff's claims.  The Court's denial of the Motion, however, should not be viewed as foreclosing Plaintiff from requesting relief, properly supported, should the circumstances warrant.  Accordingly, it is

**ORDERED** that Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order (ECF No. 101) is hereby **DENIED.**

DATED this 6th day of September, 2013.

BY THE COURT:

_/s/ Raymond P. Moore_

RAYMOND P. MOORE
United States District Judge