IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02381-RM-KLM

SALVADOR MAGLUTA,

    Plaintiff,

v.

UNITED STATES FEDERAL BUREAU OF PRISONS,
AMBER NELSON, Acting Regional Director of the North Central Region,
CHARLES DANIELS, Warden at USP Florence,
MONICA WETZEL, Former Warden at FDC Miami,
LOUIS MILUSNIC, Assistant Warden at USP Florence,
JOHNSON (FNU), Assistant Warden at USP Florence,
G.T. KAPUSTA, Former Assistant Warden at FDC Miami,
BANUELOS (FNU), Lieutenant at USP Florence,
T. JAVERNICK, Case Manager Coordinator (CMC) at Florence Federal Complex,
ANDY FENLON, Counselor at ADX Florence,
MASSEY (FNU), Officer at USP Florence,
DUVAL (FNU), Officer at USP Florence,
STEGAL (FNU), Officer at USP Florence, and
JOHN DOES 1-9, to be identified later,

    Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants' **Unopposed Motion to Stay Discovery and to Vacate Scheduling Conference** [#138][1] (the "Motion"). In the Motion, Defendants seek a stay of discovery and ask that the Scheduling Conference be vacated pending the Court's adjudication of the pending motions to dismiss [##56, 92] which,

---

[1] "[#138]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

among other things, raise qualified immunity and sovereign immunity as defenses. Plaintiff does not oppose the Motion. *Motion* [#138] at 14.

Qualified immunity "give[s] government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery . . . .'" *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (citation omitted). Immunity questions should be resolved at the earliest possible stage of the litigation, thereby avoiding many of the associated burdens and costs. *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995). Furthermore, when a defendant raises sovereign immunity as a defense, the Court "must exercise its discretion in favor of not subjecting [the d]efendant to possibly unnecessary discovery or other pretrial proceedings, until the immunity and jurisdictional questions are resolved." *Sandoval v. United States*, No. 11-cv-01533-REB-KLM, 2011 WL 3682768, *2-3 (D. Colo. Aug. 23, 2011); *see also Liverman v. Comm. on the Judiciary*, 51 F. App'x 825, 827-28 (10th Cir. 2002) (unpublished decision) (finding "no logical reason why [the rule precluding discovery before the resolution of a qualified immunity question] should not apply where the defendant raises the defense of sovereign immunity and the defense is primarily one of law.").

Here, the only pending deadline and date are the November 6, 2013 deadline to submit a proposed scheduling order and the Scheduling Conference set for November 13, 2013. *See Minute Order* [#136] at 1-2. In light of the Court's obligation to "exercise its discretion so that officials [properly asserting qualified immunity] are not subjected to unnecessary and burdensome discovery or trial proceedings," *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998), the Court grants the Motion by vacating the Scheduling Conference pending resolution of the motions to dismiss [##56, 92]. The Court sees no

need to impose a stay of discovery, as the discovery deadlines have not yet been set and discovery may not begin until after a Rule 26(f) conference is held. Fed. R. Civ. P. 26(d)(1). Accordingly,

    IT IS HEREBY **ORDERED** that the Motion [#138] is **GRANTED in part**.

    IT IS FURTHER **ORDERED** that the Scheduling Conference set for November 13, 2013 is **VACATED**. The Scheduling Conference will be reset, if necessary, after adjudication of the pending motions to dismiss [##56, 92].

Dated: November 1, 2013          BY THE COURT:

Kristen L. Mix
United States Magistrate Judge