IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02381-RM-KLM

SALVADOR MAGLUTA,

      Plaintiff,

v.

UNITED STATES FEDERAL BUREAU OF PRISONS,
AMBER NELSON, Acting Regional Director of the North Central Region,
CHARLES DANIELS, Warden at USP Florence,
MONICA WETZEL, Former Warden at FDC Miami,
LOUIS MILUSNIC, Assistant Warden at USP Florence,
JOHNSON (FNU), Assistant Warden at USP Florence,
G.T. KAPUSTA, Former Assistant Warden at FDC Miami,
BANUELOS (FNU), Lieutenant at USP Florence,
T. JAVERNICK, Case Manager Coordinator (CMC) at Florence Federal Complex,
ANDY FENLON, Counselor at ADX Florence,
MASSEY (FNU), Officer at USP Florence,
DUVAL (FNU), Officer at USP Florence,
STEGAL (FNU), Officer at USP Florence, and
JOHN DOES 1-9, to be identified later,

      Defendants.

---

## ORDER

---

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff's **Motion to Reinstate Scheduling Conference and Discovery** [#141][1] (the "Motion"). On December 30, 2013, Defendants filed a Response [#146]. Plaintiff has not filed a reply and his time to do so has elapsed. The Motion is referred to this Court for disposition [#142]. The Court has reviewed the

---

[1] "[#141]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

1

Motion, the Response, the entire case file, and the applicable law, and is fully advised in the premises.  For the reasons set forth below, the Motion [#141] is **DENIED**.

## I. Background

On October 31, 2013, Defendants filed their Unopposed Motion to Stay Discovery and to Vacate Scheduling Conference [#138] (the "Motion to Stay"), which stated "undersigned counsel states that she conferred with Plaintiff's counsel prior to filing this motion and he does not oppose the relief sought by the motion." *Motion to Stay* [#138] at 14.  The Motion to Stay sought a stay of discovery and asked that the Scheduling Conference be vacated pending the Court's adjudication of the pending motions to dismiss [##56, 92] which, among other things, raise qualified immunity and sovereign immunity as defenses.  The Motion to Stay was granted in part on November 1, 2013.  In its Order, the Court vacated the Scheduling Conference and found that it was not necessary to enter a stay of discovery as discovery had not yet begun in the case.  *Order* [#140] at 2-3.

In the instant motion, Plaintiff asks the Court to "reset the previously vacated scheduling conference herein and to vacate its stay of discovery." *Motion* [#141] at 2. Plaintiff argues that "[d]ue to restrictions unilaterally imposed by the Defendants on undersigned counsel's ability to conduct legal visitation with his client and/or communicate via legal mail, undersigned counsel was unable to confer with his client prior to agreeing to the government's motion." *Id*.  Plaintiff maintains that his counsel "has since had a legal call with [him and that Plaintiff] has requested that undersigned counsel file the Instant Motion to Reinstate Scheduling Conference and Discovery as he is being prejudiced by the continued delay herein." *Id*.  Plaintiff offers no explanation or further detail regarding the

alleged prejudice.

In their Response, Defendants argue that "Plaintiff's motion contains no substantive legal arguments. It does not show any reasons why a scheduling conference should be held or why discovery should proceed before the immunity defenses are resolved." *Response* [#146] at 4. Defendants further argue that the analysis the Court engaged in when granting the Motion to Stay in part has not changed and there is no reason to reach a different conclusion just because Plaintiff now opposes the relief requested. *Id.* at 4-5; *see also Order* [#140] at 2-3. Defendants also analyze the various claims and defenses asserted in this case and argue that a stay is appropriate. *Id.* at 6-14.

## II.  Analysis

Plaintiff has provided no legal authority to support the Motion. Pursuant to D.C.COLO.LCivR 7.1(d), other than motions filed under Fed. R. Civ. P. 56 or 65, "a motion involving a contested issue of law shall state under which rule or statute it is filed and be supported by a recitation of legal authority incorporated into the motion." The Motion fails to comply with this rule and is subject to denial on this basis alone. However, in the interest of judicial economy, the Court will address the merits of the Motion.

To the extent Plaintiff seeks reconsideration of a non-final Order, the Motion "falls within a court's plenary power to revisit and amend interlocutory orders as justice requires." *United Fire & Cas. Co. v. Boulder Plaza Residential, LLC,* No. 06-cv-00037-PAB-CBS, 2010 WL 420046, *3 (D. Colo. Feb. 1, 2010); *see also* Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment

adjudicating all the claims and all the parties' rights and liabilities."). However, "[i]n order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders." *United Fire & Cas. Co.,* 2010 WL 420046 at *3. "Although courts in this district have applied different standards, . . . , the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error." *Vigil v. Colorado Dept. of Corrections*, No. 09-cv-01676-PAB-KLM, 2011 WL 1518660, *1 (D. Colo. April 20, 2011) (citing to *United Fire & Cas. Co.*, 2010 WL 420046 at *3). Motions for reconsideration are "inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion . . . . Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

Here, Plaintiff offers no argument that the Court has misapprehended the facts or the controlling law. While Plaintiff does argue that Plaintiff's position has changed, that does not mean that the Court misapprehended Plaintiff's position at the time it entered the Order regarding the Motion to Stay. Furthermore, the Court's analysis in the Order is sound and need not be reexamined. As explained in the Order:

> Qualified immunity "give[s] government officials a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery . . . .'" *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996) (citation

omitted).  Immunity questions should be resolved at the earliest possible stage of the litigation, thereby avoiding many of the associated burdens and costs.  *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995). Furthermore, when a defendant raises sovereign immunity as a defense, the Court "must exercise its discretion in favor of not subjecting [the d]efendant to possibly unnecessary discovery or other pretrial proceedings, until the immunity and jurisdictional questions are resolved." *Sandoval v. United States*, No. 11-cv-01533-REB-KLM, 2011 WL 3682768, *2-3 (D. Colo. Aug. 23, 2011); *see also Liverman v. Comm. on the Judiciary*, 51 F. App'x 825, 827-28 (10th Cir. 2002) (unpublished decision) (finding "no logical reason why [the rule precluding discovery before the resolution of a qualified immunity question] should not apply where the defendant raises the defense of sovereign immunity and the defense is primarily one of law.").

Here, the only pending deadline and date are the November 6, 2013 deadline to submit a proposed scheduling order and the Scheduling Conference set for November 13, 2013.  *See Minute Order* [#136] at 1-2.  In light of the Court's obligation to "exercise its discretion so that officials [properly asserting qualified immunity] are not subjected to unnecessary and burdensome discovery or trial proceedings," *Crawford-El v. Britton*, 523 U.S. 574, 597-98 (1998), the Court grants the Motion by vacating the Scheduling Conference pending resolution of the motions to dismiss [##56, 92].  The Court sees no need to impose a stay of discovery, as the discovery deadlines have not yet been set and discovery may not begin until after a Rule 26(f) conference is held.  Fed. R. Civ. P. 26(d)(1).

*Order* [#140] at 2-3.  Here, Defendants raise qualified immunity and sovereign immunity defenses.  *See, e.g., Motion to Dismiss the Second Amended Complaint* [#56] at 7-8, 19-20.  The parties do not argue that the Court has misapprehended the facts or the law and the Court concludes that it has not.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#141] is **DENIED**.

Dated:  March 4, 2014

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

5