**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Case No. 11-cv-02381-RM-KLM

SALVADOR MAGLUTA,

    Plaintiff,

v.

UNITED STATES FEDERAL BUREAU OF PRISONS,
AMBER NELSON, Acting Regional Director of the North Central Region,
CHARLES DANIELS, Warden at USP Florence,
MONICA S. WETZEL, Former Warden at FDC Miami,
LOUIS MILUSNIC, Assistant Warden at USP Florence,
JOHNSON (FNU), Assistant Warden at USP Florence,
G.T. KAPUSTA, Former Assistant Warden at FDC Miami,
BANUELOS (FNU), Lieutenant at USP Florence,
T. JAVERNICK, Case Manager Coordinator (CMC) at Florence Federal Complex,
ANDY FENLON, Counselor at ADX Florence,
MASSEY (FNU), Officer at USP Florence,
DUVAL (FNU), Officer at USP Florence,
STEGAL (FNU), Officer at USP Florence, and
JOHN DOES 1-9 TO BE IDENTIFIED LATER,

    Defendants.

**ORDER**

THIS MATTER is before the Court on the following matters: (1) Plaintiff's Objection (ECF No. 152) to Magistrate Judge Kristin L. Mix's Minute Order (ECF No. 150) granting attorney Lawrence Besser's Motion to Withdraw as counsel for Plaintiff (ECF No. 148) upon a finding of compliance with D.C.COLO.LAttyR 5; (2) Defendants' Motion to Strike Docket Number 151 (ECF No. 155); and (3) Plaintiff's Motion for Reconsideration (ECF No. 158).

Upon consideration of these filings, the relevant parts of the Court's file, the applicable rules and law, and being otherwise fully advised, the Objection is overruled and the Motions are denied as stated herein.

For orders on nondispositive matters issued by a magistrate judge, the district judge must consider timely objections and set aside any part of the order that is clearly erroneous or contrary to law. Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A); *Hutchinson v. Pfeil,* 105 F.3d 562, 566 (10th Cir. 1997). Under the "clearly erroneous" standard, the reviewing court must affirm "unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir.1988) (internal quotation marks omitted). The "contrary to law" standard appears to permit plenary review as to legal issues, and, further, an abuse of discretion analysis may be suitable for some decisions. *See* 12 Charles Alan Wright et al., Federal Practice and Procedure § 3069 (2d ed. 1997).

In this case, the Magistrate Judge found attorney Besser complied with D.C.COLO.LAttyR 5 and Plaintiff has not argued otherwise. Instead, Plaintiff alleges that attorney Besser had an ethical and financial responsibility, and a contractual obligation, to continue his representation in this case. Such allegations fail to show the Order is clearly erroneous or contrary to law, especially in light of attorney Besser's representation that there are irreconcilable differences which he cannot disclose without violating the attorney-client privilege. Similarly, Plaintiff's argument that the Motion to Withdraw was ruled upon before he responded shows no abuse of discretion, or that the Order is clearly erroneous or contrary to law. The Magistrate Judge acted within her discretion to rule on a motion at any time after it was filed. *See* D.C.COLO.LCivR

7.1(d).  In sum, having reviewed the Objection and other relevant parts of the record, the Court finds that the Order is not clearly erroneous, contrary to law, or an abuse of discretion.

In deciding Plaintiff's Objection, the Court considered, among other things, Plaintiff's May 8, 2014, letter (ECF No. 151) specifically referenced as part of the Objection, and to which Defendants have moved to strike as an *ex parte* communication which was not served on Defendants (ECF No. 155).  At the time of the filing, Plaintiff appeared *pro se*.  While the Court construes Plaintiff's filings liberally, *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007), Plaintiff must nonetheless follow the same rules applicable to all litigants.  The Court does not allow *ex parte* communications, but, here, Defendants ultimately received the letter and addressed the same in their Response.  Moreover, Plaintiff has represented he will no longer file letters with the Court.  Accordingly, the Court will not strike Plaintiff's letter in this instance. Nonetheless, Plaintiff is reminded that no *ex parte* communications are allowed and papers filed with the Court must also be served on all other parties.  The Court also notes that Plaintiff improperly filed two responses (ECF Nos. 161 & 162) as if he was proceeding *pro se* even *after* his new attorney entered an appearance in this matter.  Future filings which do not comport with the applicable rules and laws may result in the issuance of sanctions, including the striking of any paper.

In light of the foregoing, Plaintiff's Motion for Reconsideration, filed after the Objection, is moot.

Accordingly, it is ORDERED

1. That the Defendants' Motion to Strike (ECF No. 155) is DENIED;

2. That the Plaintiff's Objection (ECF Nos. 152 & 151) is OVERRULED; and

3. That the Plaintiff's Motion for Reconsideration (ECF No. 158) is DENIED as MOOT.

DATED this 26th day of June, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge